THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO OLMO RODRÍGUEZ, Defendant and Appellant.

Nos. 8022 and 8023. Argued March 2, 1940.—Decided March 27, 1940.

*Luis Mercader* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

These two appeals were heard together and will be considered in a single opinion.

On the 1st of April, 1938, the District Attorney of Arecibo filed informations against Francisco Olmo Rodríguez in which the latter was charged with carrying a revolver, a deadly weapon, on February 9 of said year, in the Santana barrio of the Municipal District of Arecibo, thus infringing section 1 of the Act to Prohibit the Carrying of Arms of 1924 (appeal No. 8023), and with failure to declare in writing the said weapon to the Chief of the Insular Police of Arecibo, where he resides, within the legal term, thus failing to comply with and infringing section 7 of Act No. 14 of 1936, as amended by Act No. 95 of 1937 (appeal No. 8022).

Upon the cases being called for trial on May 2, 1939, the attorney for the defendant stated: "I want to file a motion to dismiss the case." The judge answered: "The court rules that the motion comes too late," and then added: "There is a motion in the record in which the defendant once applied for a continuance waiving all his rights. It has been twice continued on motion filed by counsel. The main ground for denying counsel's motion is that this case has been continued twice at the request of the defendant, as appears from the record."

The defendant took exception to the ruling of the court and applied for a continuance for "better opportunity and more amplitude." The court denied the motion and the trial was held.

The prosecuting attorney called to the stand Antonio Monteserín, District Chief of the Insular Police, and Policemen Rufo Rosa González and Juan J. Plá.

The former testified that he kept the registry of firearms, in conformity with the law, and that he had its index with him and stated that from an examination of the book no registration appeared of the revolver found on him, which is a nickel-plated caliber-38 Smith & Wesson revolver, with one side-plate red and the other black, made of paste.

Rufo Rosa González testified that on February 9, 1038, Detective Santiago was confidentially informed that the defendant ''was carrying a weapon on his person on the public road, owing to certain differences between him and somebody ·else and we went with him and set up a watch on him . . . . . :and the detective . . . . . took the revolver from him, a Smith revolver, with a long barrel, having one side-plate red and the other black, and it was not registered.''

The testimony of the other policeman was to the same effect.

The defendant failed to produce any evidence and the court sentenced him to a month in jail for carrying arms and to six months for violating the law requiring the registration of firearms.

He appealed from both sentences and has assigned in his brief four errors which he alleges were committed by the trial court as follows: by convicting him relying on an unconstitutional statute—the registration of arms—; by failing to dismiss both prosecutions; and by convicting him of failure to have the weapon registered, without alleging in said information that on February 9 he resided in the Arecibo district.

As may be seen from the brief recital made by us of the evidence for the prosecution, the only evidence introduced, it was shown at the trial that the defendant was carrying a revolver and that the same was not registered. The sufficiency of the evidence is not questioned.

■ Is Act No. 14 of 1936, as amended by Act No. 95 of 1937, unconstitutional?

The answer must be in the negative in accordance with our decision in *People* v. *Avilés,* 54 P.R.R. 257.

In the above case exactly the same question raised by the defendant herein was considered and determined as follows:

"Let us now consider the second question.

" 'Section 13.—It is hereby declared that this Act is of an experimental character and, therefore, its provisions shall be in force only for the period of two years and a day from and after the date on which it takes effect; and it is likewise declared that this Act, being of an urgent and necessary character, shall take effect immediately after its approval.'

"The section above set forth was amended by Act No. 95 of 1937 so as to make the Act permanent. The appellant urges that the Act of 1936 should have been reenacted thereby complying with the provision of paragraph 9 of section 34 of the Organic Act, which reads as follows:

" 'No law shall be revived, or amended, or the provisions thereof extended. . . . by reference only to its title, but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length.'

"The purpose of that constitutional clause is to avoid confusions so that in order to read a section or article of a law it should not be necessary to examine two or more volumes of laws in which a certain law may be spread. For this reason, in interpreting said clause, it has been sustained that in amending an act it is sufficient to set out the statute as amended without setting out the statute as it was before it was amended. 59 C. J. 880. But when, as in the present case, all the sections of the Act of 1936, with the exception of the three which were amended by Act No. 95 of 1937, to wit, sections 7, 9 and 13, are not changed in any manner, no practical object is reached in reenacting the whole law which is found in the volume of Laws of 1936, special session.

"In the case of *Houston & T. C. Ry. Co.* v. *State,* 39 S. W. 390, a similar question was raised.

"The State of Texas granted certain lands to the Houston & T. C. Ry. Co. for a period of ten years, and after this period was over an act was passed extending it for ten years more. In the amending act the amended act was not copied. It was alleged that the amending act was unconstitutional, because it did not comply with a constitutional clause of the State of Texas, identical to that which the

appellant now invokes. The Supreme Court of Texas upheld the constitutionality of the act.''

■ Discussing the question of the dismissal, the appellant says in his brief:

''. . . Our reply to the court is that according to the contents of the record, the waiver made by Mercado without obtaining the consent of his client was contrary to law, because it is elementary that an attorney can not waive basic constitutional rights of a defendant without the latter's clear consent. Attorney Mercado did not secure such consent from the defendant. His waiver was absolutely void and did not affect the rights of Olmo Rodríguez. 6. C. J. 638, and 624 S. 146; *Ronnifield* v. *Thorp*, 71 Fed. 924.''

It is true that the doctrine has been established that a client is not bound by an act of his attorney where such act was not consented to at all and was carried out outside his scope and course of employment. But the facts in the instant case are different. Once an attorney has been appointed to defend a client, the conduct of the case is entrusted to him and the request for a continuance of the trial with waiver of the right to a speedy trial is within the scope of his authority, it being presumed that the request was made for the benefit of the defendant. See 7 Cal. Jur. 936, sec. 80, and 5 Am. Jur. 311, sec. 85.

This, of course, on the supposition that the waiver was made by the attorney, for as appears from the record the request was made by the defendant himself.

■ It does not appear from the record that the defendant alleged any justifiable ground when he applied through his counsel for a continuance of the trial at the last setting. To apply for a continuance so as to have ''better opportunity and more amplitude,'' without more, is to use words in a general sense without specifically applying them to a certain purpose. Especially in the case of informations filed more than a year before and where the very party who moved for the continuance had just complained of delay in holding the trials. The court acted properly in denying the motion.

■ Nor was it error for the court to convict the defendant in the prosecution for infringement of the law regarding the registration of firearms on the information filed against him by the district attorney.

As the charge of the information stated: "without having declared in writing the said weapon to the Chief of Police of Arecibo, P. R., which is the district where the defendant resides, . . . ." compliance was had with the law and the jurisprudence on the matter.

From the foregoing, and as none of the errors assigned had been committed, the appeals must be dismissed and the judgments appealed from affirmed.